IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-cv-00062-D-RJ

MrBeastYouTube, LLC,

                Plaintiff,

      vs.

Leroy Nabors,

                Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO SEAL

Pursuant to Local Rule 79.2 and Section V.G. of the CM/ECF Policy Manual, Plaintiff MrBeastYouTube, LLC ("Beast") respectfully moves to seal the document attached hereto as **Exhibit 1**[1], which contains a detailed list of the confidential Beast documents Defendant Leroy Nabors ("Nabors") unlawfully exfiltrated in the days leading up to his termination of employment, identified by file name and location in the Beast network from which it was obtained. Exhibit 1 contains highly confidential, competitively sensitive information about Beast's business and should be shielded from public view. Nabors has stipulated to this sealing.

In the alternative, this Court should permit Beast to file a partially redacted version of Exhibit 1.

## I.      BACKGROUND

As set forth in the Complaint, Nabors unlawfully exfiltrated thousands of confidential Beast documents, including but not limited to financial data, sensitive memoranda regarding

---

[1] Exhibit 1 is the Exhibit A referenced in Beast's Complaint (ECF No. 1-1).

business transactions, private employee compensation information, and capitalization tables containing highly sensitive information about Beast's investors. (Complt. 1 ¶ 2.) To illustrate the volume and types of documents Nabors exfiltrated, Beast incorporated by reference in its Complaint a 746-page list of the thousands of documents Nabors exfiltrated, identified by file name. (*Id*. ¶ 2 n.1.) This motion seeks to file that list under seal.

Nabors' counsel has accepted service of the complaint on his behalf (*see* ECF No. 5) and confirmed that Nabors consents to the sealing requested by this Motion given the contents of the document at-issue.

## II.   LEGAL STANDARD

While the public generally has a right of access to judicial proceedings and filings, "this right of access is not unlimited." *Woven Electronics Corp. v. Advance Group, Inc.*, 930 F.2d 913 (4th Cir. 1991). "One exception to the public's right of access is where such access to judicial records could provide a source of business information that might harm a litigant's competitive standing. Other courts have specifically recognized an exception to the public's right of access when a case involves trade secrets." *Id.* (citing *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986); *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983); *Brown & Williamson Tobacco Co. v. FTC*, 720 F.2d 1165, 1180 (6th Cir. 1983)); *see also* N.C. Gen. Stat. § 66-156 ("In an action under this Article, a court *shall* protect an alleged trade secret by reasonable steps which may include . . . sealing the records of the action subject to further court order") (emphasis added); *Bah v. Sampson Bladen Oil Co., Inc.*, No. 23-cv-330, 2025 WL 251690, at *2 (E.D.N.C. Jan. 21, 2025) ("The necessity of sealing information that is competitively sensitive and a trade secret is expressly recognized in North Carolina's Trade Secrets Protection Act") (citing N.C. Gen. Stat. § 66-156).

Additionally, under the Defend Trade Secrets Act of 2016 ("DTSA"), a trade secret owner can seek an order to preserve confidentiality. 18 U.S.C. § 1835 requires a court in a trade secret proceeding to "enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." Courts consistently find that this includes sealing documents submitted to the court under seal. *See, e.g.*, *Woven Electronics,* 930 F.2d 913 (reversing trial court for failure to properly consider the rights of trade secret holder and failing to seal information asserted as trade secret); *In re Wilson*, 149 F.3d 249, 251-52 (4th Cir. 1998) (affirming district court order to seal documents that contained information asserted to be trade secret).

Where, as here, the exhibit at issue was not filed in connection with a dispositive motion, "there is no First Amendment right of access." *Lewis v. Equity Experts.Org, LLC*, No. 22-cv-302, 2024 WL 3930507, at *1 (E.D.N.C. Aug. 23, 2024) (citation omitted). Rather, "the right of access at issue arises under common law." *Id.* "[T]he common law provides less protection of the public's right of access than the First Amendment . . . ." *Nix v. Chemours Co. FC, LLC*, No. 17-cv-189, 2024 WL 4886463, at *1 (E.D.N.C. Nov. 25, 2024) (granting motion to seal "documents contain[ing] sensitive business information").

## III.    ARGUMENT

### A.    Trade secret protections weigh in favor of sealing.

The document in question is appropriate for sealing because it contains confidential information and trade secrets, including an identification of (1) information about clients and customers of Beast (Exh. 1 at Page 31, Row 1); (2) personal information about employees of Beast (*id.* at Page 113, Row 4); (3) descriptions of the internal networking structure of Beast (*id.* at Pages 52–118); (4) capitalization information about investors of Beast (*id.* at Page 693, Row 3); and (5) details and dates of business transactions (*id.* at Page 31, Row 1). This information would be

highly valuable to both competitors of Beast and bad actors who might wish to gain access to Beast's networks.

As described in the Complaint, Beast's business model rests on its novel approach to creating viral content. (Complt. ¶¶ 22–27.) Innovation and creativity are key to its success. (*Id.*) While Beast has risen to become the most successful such creator presently, there are any number of other creators in the same space who could benefit from disclosure about Beast's business. That is precisely why Beast employees like Nabors are contractually obligated to keep information like what Nabors stole confidential. (*See* Cmplt. ¶¶ 22–33 (detailing confidentiality obligations and business model); *id.* ¶ 34 (describing Nabors' contractual obligation to keep information obtained about Beast's business confidential). Any disclosure of information about who Beast is working with, how it has allocated its resources, who its investors are, and how it is compensating its employees would threaten Beast's competitive advantage and give others in the industry an improper "head start" in trying to create their own competitive enterprises. This type of information properly qualifies as trade secrets and is properly subject to sealing—something that courts across the country recognize and consistently hold. *See, e.g.*, *Big Rock Sports, LLC v. AcuSport Corp.*, No. 4:08-CV-00159, 2011 WL 1213071 (E.D.N.C. 2011) (granting motion to seal documents containing "confidential commercial information, including information relating to alleged trade secrets and other proprietary business information"); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275, 2008 WL 2019648 (E.D.N.C. 2008) (same); *Frantz v. Johnson*, 116 Nev. 455, 467 (2000) (finding a customer list to be a trade secret because it was "confidential, its secrecy was guarded, and it was not readily available to others . . ."); *Aruze Gaming Am. v. Hutchins*, 2019 Nev. Dist. LEXIS 284, at *9 (D. Nev. Mar. 14, 2019) (granting motion for preliminary injunction and restricting use of plaintiff's "confidential/trade secrets information"

such as "financial records, [. . .] customer information, customer lists, price lists, supplier lists, marketing plans, financial information, sales information, [. . .] strategic plans, and/or all other compilations of information"); *see also Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1526 (1997) (customer identities, needs, preferences, "built up by ingenuity, time, labor and expense of the owner over a period of many years is property of the employer[.]").

Additionally, the document in question contains information about where files are stored within Beast's networks by describing the file paths of where the individual files were located. (Exh. 1 at Pages 52–118.) This gives insight into Beast's structure and could provide injurious information to a bad actor who may wish to access Beast's information. That is because it would allow them to ascertain information about how Beast's servers are structured, to more quickly be able to locate critical information that they may wish to misappropriate. Because the document in question contains information asserted to be trade secret, which could be competitively injurious to Beast if it was publicly disclosed, sealing is warranted here. *See supra,* Section II (collecting cases holding information asserted to be trade secret is properly subject to sealing).

### B. Each of the common law factors also weighs in favor of sealing.

Sealing is also appropriate under the common law of this district. Publicly releasing file names for thousands of confidential Beast documents would risk "promoting public scandals or unfairly gaining a business advantage." *Lewis*, 2024 WL 3930507, at *1. Undoubtedly, the public will mine the list and sensationalize its contents. Several of the file names, for example, indicate the dates and times at which attorney-client privileged communications were conveyed. (Exh. 1 at Page 21, Row 3.) Others indicate when and whether settlement discussions occurred with a named adversary in litigation. (*Id*. at Page 57, Row 17.) Others identify potential business ventures. (*Id*. at Page 31, Row 1.) Others identify non-party members of Beast's executive team who entered

separation agreements. (*Id*. at Page 113, Row 4.) These and other entries would fuel public speculation about a company that is immensely well-known nationally, and in this District in particular. (*See* Complt. ¶¶ 23–24.)

Indeed, only one business day after Beast initiated this action, it garnered press attention. *See* Ohnesorge, Lauren, *MrBeast sues ex-employee over alleged data theft, hidden cameras*, TRIANGLE BUSINESS JOURNAL (Apr. 7, 2025) (describing Jimmy Donaldson, "better known as MrBeast," as "North Carolina's most famous social media personality," and this action as consisting of "allegations you might find in a spy novel")[2]; *see also* Carpenter, Nicole, *MrBeast sues former employee accused of stealing company secrets, installing hidden cameras in office*, POLYGON (Apr. 8, 2025).[3]

There is no legitimate public interest in accessing Beast's confidential information. Public release of Exhibit 1 would also do nothing to "enhance the public's understanding of an important historical event." *Lewis*, 2024 WL 3930507, at *1. This is an unremarkable dispute between an employer and a former employee who unlawfully exfiltrated documents. There is no historical or other public significance inherent to Exhibit 1. *See Nix*, 2024 WL 4866463, at *2 ("release of these materials has little bearing on public matters but could harm the [movant's] interests," so "the common law presumption of access" is "overcome[]"). Nor does the public "already ha[ve] access to the information contained in" Exhibit 1. *Lewis*, 2024 WL 3930507, at *1. These factors all weigh in favor of sealing.

---

2 Available at https://www.bizjournals.com/triangle/news/2025/04/07/youtube-star-mrbeast-sues-employee-data-theft.html.
3 Available at https://www.polygon.com/news/554784/mrbeast-alleges-data-theft-former-employee-hidden-cameras-office-lawsuit).

Even if every single file name in Exhibit 1 does not individually merit sealing, in the aggregate, Exhibit 1 is a deeply invasive window into Beast's business. This Court should seal it. *See Nallapati v. Nallapati*, No. 20-cv-470, 2023 WL 2395771, at *3 (E.D.N.C. Mar. 7, 2023) (granting motion to seal supplemental declaration that, "on the whole . . . contained sensitive commercial information that merits sealing"); *Vamsi Nallapati & IGM Surfaces, LLC v. Justh Holdings, LLC*, 637 F. Supp. 3d 357, 364 (E.D.N.C. 2022) (observing that deposition transcripts sealed on consent "contained some arguably non-confidential information but on the whole met the requirements for sealing").

**C.     Alternatives to sealing are impracticable and burdensome.**

Before granting this motion, this Court must consider whether there are feasible "alternatives to sealing, such as redaction." *Weber v. Specialized Loan Servicing, LLC*, No. 20-cv-178, 2022 WL 15577374, at *2 (E.D.N.C. May 17, 2022). Redaction is "impracticable," though, "where the [sensitive] information predominates the documents . . . ." *In re NC Swine Farm Nuisance Litig.*, No. 15-cv-13, 2017 WL 1383712, at *2 (E.D.N.C. Apr. 14, 2017).

Here, the burden of conducting a line-by-line review and partial redaction of Exhibit 1—a 746-page document identifying thousands of confidential Beast documents—is outweighed by the efficiency of simply filing the document under seal. However, if this Court declines to seal Exhibit 1, Beast respectfully requests permission to file a partially redacted version of Exhibit 1, redacting only the file names it considers, in good faith, to reflect confidential Beast information—such as those identified *supra*. *See Erichsen v. RBC Capital Markets, LLC*, 883 F. Supp. 2d 562, 575 (E.D.N.C. 2012) (denying motion to seal but permitting submission of motion to redact specific "confidential commercial information").

7

## IV. CONCLUSION

For the foregoing reasons, Beast respectfully requests that this Court seal Exhibit 1 or, in the alternative, permit Beast to file a partially redacted version of Exhibit 1.

Dated: April 24, 2025

ROBINSON, BRADSHAW & HINSON, P.A.

/s/ Douglas M. Jarrell
Douglas M. Jarrell
djarrell@robinsonbradshaw.com
600 S. Tyron Street, Suite 2300
Charlotte, NC 28202
Telephone: (704) 377-8309
Facsimile: (704) 378-4000

PAUL HASTINGS LLP

Jennifer S. Baldocchi*
jenniferbaldocchi@paulhastings.com
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Emily R. Pidot*
Kaveh Dabashi*
emilypidot@paulhastings.com
kavehdabashi@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Brian A. Featherstun*
brianfeatherstun@paulhastings.com
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

*Attorneys for Plaintiff*
*MrBeastYouTube LLC*

*Special appearance forthcoming

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system.

I also certify that the foregoing was served upon the following counsel of record via

email and U.S. Mail, postage prepaid, addressed as follows:

Joseph Budd
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com

This 24th day of April, 2025.

/s/ Douglas M. Jarrell
Douglas M. Jarrell