IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-62-D

| | |
|---|---|
| MRBEASTYOUTUBE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| LEROY NABORS, | ) ) ) |
| Defendant. | ) ) |

Plaintiff MrBeastYouTube, LLC ("Plaintiff") has moved to seal the exhibit marked as Exhibit A to the complaint and filed separately at [DE-6] as proposed sealed Exhibit 1. [DE-7]. Defendant Leroy Nabors ("Defendant") consents to the request, Pl.'s Mem. [DE-8] at 1–2, and the time for filing a response has passed; thus, the matter is ripe for decision. For the reasons stated below, Plaintiff's motion is allowed.

## I. BACKGROUND

On April 4, 2025, Plaintiff filed the complaint in this action, claiming misappropriation of trade secrets under 18 U.S.C. § 1836 *et seq.* and N.C.G.S. § 66-152 *et seq.*, breach of contract, and conversion, and seeking a permanent injunction and declaratory relief. [DE-1]. Attached to the complaint are two exhibits, including Exhibit A, which illustrates by file name the volume and type of documents Defendant allegedly exfiltrated from Plaintiff prior to the termination of his employment. Compl. [DE-1] ¶ 2; [DE-1-1]; [DE-6]. Upon filing, Exhibit A was sealed provisionally by the clerk per Plaintiff's request because it contains materials considered confidential by Plaintiff. [DE-1-1]. On April 24, 2025, Plaintiff then moved to seal Exhibit A in

its entirety.[1] [DE-7]. Defendant has not responded to the motion, but Plaintiff represents that he has stipulated to the sealing. Pl.'s Mem. [DE-8] at 1–2.

## II. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *In re Application*, 707 F.3d at 291; *Rushford*, 846 F.2d at 253.

---

[1] Plaintiff's motion and memorandum refer to Exhibit A as Exhibit 1. For the sake of clarity, the court will refer to the document as Exhibit A throughout this order.

2

Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

Here, Plaintiff seeks to seal Exhibit A to the complaint, which "contains a detailed list of the confidential Beast documents [Defendant] unlawfully exfiltrated in the days leading up to his termination of employment." Pl.'s Mem. [DE-8] at 1. Alternatively, Plaintiff requests leave to file a partially redacted version of the exhibit. *Id.* Applying the experience and logic test, the common law right of access applies to Exhibit A. *See Epic Tech, LLC v. Raleigh Startup Sols. LLC*, No. 5:23-CV-136-D, 2023 WL 3029243, at *1 (E.D.N.C. Apr. 20, 2023) (finding common law right of access where proposed sealed documents filed as exhibits to complaint) (citing *Smartsky Networks, LLC v. Wireless Sys. Sols. LLC*, No. 1:20-CV-834, 2021 WL 929729, at *5 (M.D.N.C. Mar. 11, 2021)). However, "[t]he mere existence of a . . . common law right of access to a particular kind of document does not entitle[ ] the press and the public to access in every case." *Rushford*, 846 F.2d at 253 (citation omitted). The "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. American Cyanamid*

3

*Co.*, 506 F.2d 532, 539–42 (2d Cir. 1974)). The party seeking to deny access bears the burden. *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court must consider less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

The motion to seal was filed on April 24, 2025, and has been accessible to the public on the court's case management and case filing system since that time. Thus, the public has been provided with notice and an opportunity to object to the motion. *See Epic Tech*, 2023 WL 3029243, at *2 (citing *Knight*, 743 F.2d at 234) (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010). No objections to sealing have been lodged. Having reviewed the proposed sealed material, the court finds that it is substantially comprised of commercially sensitive material, such that no less drastic alternative to sealing, e.g., redaction, is available. Finally, the court finds that, absent sealing, competitors could access this information to the detriment of Plaintiff's business interests. Accordingly, the court finds that Plaintiff's interest in protecting its commercially sensitive information overcomes the public's right to access, and the motion to seal Exhibit A is allowed.

4

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal is ALLOWED.

So ordered, the __2__ day of June 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

5