## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION
Civil Action No.: 4:25-cv-00062

| | |
|---|---|
| MrBeastYouTube, LLC, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) **DEFENDANT'S MEMORANDUM** |
| | ) **IN SUPPORT OF DEFENDANT'S** |
| Leroy Nabors, | ) **MOTION TO DISMISS** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

Defendant Leroy Nabors submits this memorandum of law in support of his Motion to Dismiss Plaintiff MrBeastYouTube, LLC's Complaint ([DE 1]), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, in its entirety for lack of subject matter jurisdiction and for failure to state a claim.

## INTRODUCTION

Plaintiff's Complaint is replete with conclusory allegations and lacks the requisite specificity to plausibly state a right to relief above the speculative level. Plaintiff fails to detail with sufficient particularity the trade secrets Mr. Nabors is alleged to have misappropriated or how they derive independent economic value from not being generally known. Nor has Plaintiff alleged the measures taken to maintain the secrecy of the alleged trade secrets. Moreover, Plaintiff has not alleged concrete injury or harm by the mere possession of these supposed trade secrets. Mr. Nabors is alleged to have breached an agreement but does not specify how Mr. Nabors's actions constituted a breach, or which provisions of the agreement were violated. For these reasons and the arguments set forth below, the Court lacks subject matter jurisdiction and this case should be dismissed.

1

## STATEMENT OF FACTS

Plaintiff filed a complaint against Mr. Nabors alleging breach of contract and misappropriation of trade secrets in the United States District Court for the Eastern District of North Carolina on April 4, 2024. Complaint ("Compl.") [DE 1]. Plaintiff alleges jurisdiction under 28 U.S.C. § 1331. Compl. ¶20. Plaintiff employed Mr. Nabors initially as a consultant in the IT department from July 11, 2023, until December 2023, and later as an employee on Plaintiff's Development Team from February 1, 2024, until his termination on October 1, 2024. Compl. ¶¶4, 7, 9, 10. Plaintiff alleges Mr. Nabors exfiltrated sensitive documents, unlawfully retained them, ignored requests to return them, and attempted to cover up these actions. Compl. ¶ 2, 11-16, 37, 62-65. In doing so, Plaintiff contends that Mr. Nabors violated some vague "written policies and procedures governing its information technology and the security of Company information" by his actions. Compl. ¶31. Plaintiff alleges Mr. Nabors' "backup" to an unidentified device and to third-party data storage ("Dropbox") as his alleged means of exfiltration. Compl. ¶¶ 2, 10, 37. Plaintiff also refers to a non-disclosure agreement purportedly executed on October 18, 2023, and attached as Exhibit B to Plaintiff's Complaint, under which the requests for return of company property were made. Compl. ¶34. Plaintiff further alleges noncompliance with the non-disclosure agreement resulted in Mr. Nabors' breach of contract. Compl. ¶¶35-38.

## STANDARD OF REVIEW

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Plaintiff, as the party invoking the Court's jurisdiction, bears the burden of establishing that the Court has jurisdiction. *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018). In deciding a Rule 12(b)(1) motion that includes a factual challenge to subject matter jurisdiction, the Court may consider materials beyond the pleadings. *Richmond,*

*Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) ("the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.")

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accept[ed] as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires more than "a sheer possibility that a defendant acted unlawfully," and "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In its assessment of a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true, but not legal conclusions. *Id*. "A complaint is insufficient if it relies upon 'naked assertions' and 'unadorned conclusory allegations' devoid of "factual enhancement." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).

## ARGUMENT

### I.    Mr. Nabors is not in possession of any trade secrets within the meaning of 18 U.S.C. § 1836 *et seq*.

Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1331. Compl. ¶ 20. The sole basis for jurisdiction is Plaintiff's claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. (DTSA). Plaintiff's claim fails and this Court lacks subject matter jurisdiction.

To state a claim under the DTSA, a Plaintiff must allege "(1) the existence of a trade secret, (2) the trade secret's misappropriation, and (3) that the trade secret implicates interstate or foreign commerce." *dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 141 (4th Cir. 2023); *Keystone Transp. Sols., LLC v. Nw. Hardwoods, Inc.*, No. 5:18-CV-00039, 2019 WL 1756293, at *4 (W.D.

3

Va. Apr. 19, 2019) ("a plaintiff must establish that it owns a trade secret, that the trade secret was misappropriated, and that the trade secret implicates interstate or foreign commerce.")

The DTSA allows a Plaintiff to bring a civil action for a trade secret that has been misappropriated "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). A trade secret means "information [that] derives *independent* economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, *another person who can obtain economic value from the disclosure or use of the information*." 18 U.S.C.A. § 1839(3)(B) (emphasis added). The term misappropriation means either (1) "acquisition of a trade secret of another *by a person who knows or has reason to know that the trade secret was acquired by improper means*" (18 U.S.C.A. § 1839(5)(A)) or (2) "*disclosure or use of a trade secret of another without express or implied consent by a person…*" (18 U.S.C.A. § 1839(5)(B)).

Because Plaintiff's Complaint notably omits allegations that Mr. Nabors has disclosed or used any of Plaintiff's alleged trade secrets, the only liability that can attach to Mr. Nabors rests on the statement that Mr. Nabors knows or has reason to know that the alleged trade secret was acquire by "improper means." Improper means, however, has its own definition and importantly, does not include "lawful means of acquisition." 18 U.S.C.A. § 1839(6)(B). Mr. Nabors unequivocally had lawful means to access any files that Plaintiff is alleged were misappropriated.

Moreover, Plaintiff's Complaint does not contain sufficient details to support its contention that the items in Mr. Nabors' possession are "trade secrets" within the meaning of 18 U.S.C. § 1839(3)(B). Plaintiff alleges only that the documents referred to in Exhibit A have "commercial value." However, the Court does not accept conclusory statements found in the complaint, nor

threadbare recitation of the elements of a claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff provides no valid basis to assert a claim for relief under the DTSA nor has Plaintiff identified trade secrets with "sufficient particularity" under Federal Rules or the statute. *See Design Gaps, Inc. v. Hall*, 3:23-cv-186-MOC, 2023 WL 8103156, at *23 (W.D.N.C. Nov. 20, 2023) ("[W]hen asserting a claim under the DTSA, a plaintiff may not simply list categories of alleged trade secrets in broad terms without identifying a 'specific set of "methods, techniques, processes, procedures, programs, or codes" that could establish ... a trade secret.' ") (citations omitted); *Keystone Transp. Sols., LLC* at *4 ("the plaintiff must 'identify, with particularity, each trade secret it claims was misappropriated. This must be done to allow the finder of fact to distinguish that which is legitimately a trade secret from other information that is simply confidential but not a trade secret, or is publicly available information.'") (quoting *Kancor Ams., Inc. v. ATC Ingredients, Inc.*, No. 15–CV00589–GBL–IDD, 2016 WL 740061, at *14 (E.D. Va. Feb. 25, 2016)). Plaintiff simply alleges broad categories of trade secrets, indeed a simple spreadsheet, without enough information to determine what Mr. Nabors is accused of misappropriating and what are in fact "trade secrets." Attaching a spreadsheet, without context or detail, is not sufficient particularity to establish any of Exhibit A as trade secrets or differentiate trade secrets from what might simply be confidential information.

## II.  **Plaintiff has not made a prima facie claim under N.C.G.S. § 66-152 *et seq*.**

To make a prima facie claim for misappropriation of a trade secret under North Carolina's Trade Secrets Protection Act (NCTSPA) requires that Mr. Nabors "both: (1) [k]nows or should have known of the trade secret; and (2) [h]as had a specific opportunity to acquire it *for disclosure or use* or has acquired, disclosed, or used it without the express or implied consent or authority of

the owner." N.C.G.S. § 66-155 (emphasis added). To determine whether a prima facie case exists, "North Carolina courts generally look for proof of more than a mere opportunity to misappropriate; they require evidence that the defendant *actually acquired or used trade secrets*." *See, e.g., Modular Techs., Inc. v. Modular Sols., Inc.*, 184 N.C. App. 757, 646 S.E.2d 864, 2007 WL 2034046 at *4 (N.C. Ct. App. 2007) (emphasis added) (unpublished) ("[E]ven assuming that at least some of the information to which [the employee] had access qualifies as trade secrets, plaintiff [employer] has not introduced substantial evidence that [the employee] acquired the information *for disclosure or use*, or *disclosed or used* the information."); *Static Control Components, Inc. v. Summix, Inc.*, No. 1:08CV928, 2012 WL 1379380, at *7 (M.D.N.C. Apr. 20, 2012) (granting summary judgment to a defendant-competitor where the employer could show that an employee had access to its trade secrets but could not make the further showing that the employee shared them with the competitor); *Byrd's Lawn & Landscaping, Inc. v. Smith*, 142 N.C. App. 371, 542 S.E.2d 689, 693 (2001) (finding that a prima facie case was established where an employee who had access to his employer's confidential cost-history information on customer contracts resigned and started a competing business that underbid the employer on several contracts). In addition, "under the NCTSPA, a plaintiff must plead that the alleged misappropriation occurred in North Carolina." *VRX USA, LLC v. VRX Ventures, Ltd.*, No. 3:20-CV-409-GCM, 2020 WL 7229672, at *7 (W.D.N.C. Dec. 8, 2020); *see also Software Pricing Partners LLC v. Geisman*, No. 3:19-cv-195-RJC-DCK, 2020 WL 3249984, at *9 (W.D.N.C. June 16, 2020).

Here, Plaintiff's claim fails for several reasons. First, Plaintiff has not pled that the alleged misappropriation occurred in North Carolina. The Court cannot make a geographic inference based on the background information provided in the Complaint. *See RLM Commc'ns, Inc. v. Tuschen*, 831 F.3d 190, 200–01 (4th Cir. 2016). "[A] party must allege the misappropriation happened in

North Carolina. It makes no difference that the one or both of the parties are North Carolina residents." *VRX USA, LLC*, 2020 WL 7229672 at \*7 (citing *SciGrip, Inc. v. Osae*, 373 N.C. 409, 838 S.E.2d 334, 344-45 (2020)). Second, and unlike *Byrd's, supra*, Plaintiff's Complaint does not state that Mr. Nabors misappropriated Plaintiff's trade secrets in order to open a competing business. Plaintiff has not adequately alleged Mr. Nabors acquired the documents listed in Exhibit A "for disclosure or use". In fact, the only gripe seems to be that he merely possesses them. That is not sufficient to state a claim under the NCTPSA. Therefore, the Court should dismiss the NCTPSA claim.

### III.   Plaintiff's cause of action for breach of contract fails as there was never a valid Non-Disclosure Agreement

Plaintiff's breach of contract cause of action fails as the Confidentiality and Non-Disclosure Agreement, attached as Exhibit B to the Complaint ("Confidentiality Agreement"), is not a valid contract. In North Carolina, a contract must be supported by consideration to be enforceable. *RLM Communication, Inc. v. Tushen*, 66 F. Supp.3d 681, 689 (E.D. N.C. 2014). As is clear on the face of Plaintiff's Confidentiality Agreement, Plaintiff offered no consideration to Mr. Nabors to enter into the Confidentiality Agreement.

According to the Complaint, Mr. Nabors began employment as a consultant in Plaintiff's IT department starting on July 11, 2023. Compl. ¶ 4. The Confidentiality Agreement between Plaintiff and Nabors was executed October 18, 2023, approximately 3 months *after* his employment started. "When the employer-employee relationship exists already without a restrictive covenant, any new agreement … must be in the nature of a new contract based upon new consideration." *MSC Indus. Direct Co. v. Steele*, No. COA08-418, at 4 (N.C. App. 2009) (citing *Engineering Associates v. Pankow,* 150 S.E.2d 56, 58 (N.C. 1966)). Plaintiff provided no new consideration. A change in compensation, commission, duties or nature of employment could

7

be deemed valid consideration. *MSC Indus. Direct Co. v. Steele*, No. COA08-418, at 5. Continued employment alone, without any change in compensation, commission, duties or nature of employment, is insufficient. *Id.*

As there is no valid consideration for the Confidentiality Agreement, the agreement is unenforceable. Plaintiff's Breach of Contract cause of action should be dismissed.

## IV. Plaintiff's cause of action for conversion fails as Mr. Nabors did not wrongfully exfiltrate Plaintiff's documents and has not refused to return such documents

Plaintiff brings a cause of action for conversion and asserts its ownership interest in the documents Mr. Nabors allegedly wrongfully exfiltrated and allegedly refuses to return. This cause of action, however, should be dismissed as Mr. Nabors did not wrongfully exfiltrate any documents and has attempted to collaborate with Plaintiff in returning such documents and information.

"The tort of conversion is well defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Stitz v. Smith*, 846 S.E.2d 771, 774 (N.C. App. 2020) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956)). Further, the focus of the tort of conversion is not necessarily the alleged wrongdoer being in possession of the property, but rather the alleged wrongdoer's refusal to return such property when demanded by the owner. *Lake Mary Ltd. Partnership v. Johnston*, 145 N.C. App. 525, 531, 551 S.E.2d 546, 552 (2001) ("The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner ... and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from the act. The general rule is that there is no conversion until some act is done which is a denial or violation of the plaintiff's dominion over or rights in the property.").

Therefore, there are two essential elements for the tort of conversion in the state of North Carolina: (1) ownership by the plaintiff, and (2) conversion by the defendant. *TSC Rsch., LLC v. Bayer Chemicals Corp.*, 552 F. Supp. 2d 534, 542 (M.D.N.C. 2008) (citing *Lake Mary Ltd. Partnership v. Johnston*, 145 N.C. App.at 531.). With regard to a defendant's alleged refusal to return the property, there should be "an absolute, unqualified refusal to surrender" the property for there to be conversion. *Hoch v. Young*, 305 S.E.2d 201, 203 (N.C. App. 1983).

While Plaintiff alleges that it demanded return of all company information Mr. Nabors had in his possession and Mr. Nabors refused, Plaintiff failed to provide context for the entire situation. According to the Complaint, Plaintiff sent Mr. Nabors a demand on October 8, 2024, demanding all company information in his possession to be returned within a 10-day period and Nabors allegedly did not respond timely. Compl. at ¶ 44. The Complaint, however, further goes on to acknowledge that Mr. Nabors allowed Plaintiff's representatives "into his home" while he was out of state to retrieve all of Plaintiff's devices and information. Compl. At ¶ 50. The actions allegedly taken by Mr. Nabors on the face of Plaintiff's Complaint show there was no refusal on Nabors' end to comply with what Plaintiff was asking of him. In fact, it evidences Mr. Nabors' willingness to work with Plaintiff to ensure he was do everything they have asked. As such, there is no conversion by Nabors, which is a required element for this cause of action.

This cause of action is also deficient for another reason. North Carolina limits what type of property may be subject to conversion, which is only tangible property. *See, e.g., Norman v. Nash Johnson & Sons' Farms, Inc.*, 537 S.E.2d 248, 264 (N.C. App. 2000) (intangible interests "such as business opportunities and expectancy interests" are not subject to conversion claims.). In *TSC Rsch., LLC v. Bayer Chemicals Corp.*, the complaint description of the property that was allegedly converted, commingled "tangible and intangible property by asserting … 'proprietary technical

and business information,'" only some of which was memorialized in document form, and therefore there was no way for the court to determine what property was subject to conversion. 552 F. Supp. 2d at 542-43. This case is no different. Plaintiff makes the allegations all throughout the Complaint that Nabors is in possession of business information, including, but not limited to, confidential financial data, business transaction information, employee compensation information, and capitalization tables. Compl. ¶¶ 2, 52, 61, 67, 79. With Plaintiff being unclear as to what tangible property is capable of being returned upon demand, there is no way this Court can determine what property is subject to conversion.

## V.  A Permanent Injunction is Unwarranted

For Plaintiff to seek a permanent injunction, it must first demonstrate success on the merits. Moreover, Plaintiff "must then demonstrate that (1) they have suffered 'an irreparable injury'; (2) the 'remedies available at law, such as monetary damages, are inadequate to compensate for that injury'; (3) 'considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted'; and (4) 'the public interest would not be disserved by a permanent injunction.'" *Bone v. Univ. of N. Carolina Health Care Sys.*, 678 F. Supp. 3d 660, 686 (M.D.N.C. 2023) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). For the reasons set forth above, Plaintiff has not shown success on the merits, much less irreparable injury, inadequate remedies at law or the public interest in a permanent injunction. Thus, Plaintiff has no valid claim for a permanent injunction and this claim should be dismissed.

## VI.  Declaratory Relief is Not Warranted

Declaratory Relief is not a standalone claim and instead rests solely on the substantive claims. *In re MI Windows & Doors, Inc. Products Liab. Litig.*, No. 2:12-CV-01258-DCN, 2012 WL 5471862, at *6 (D.S.C. Nov. 9, 2012). Whether the Court decides to entertain a claim for declaratory relief is purely discretionary. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d

419, 421 (4th Cir. 1998). In the absence of a valid substantive claim, and since the above claims fail, the Court must dismiss the claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action in its entirety with prejudice.


Dated June 13, 2025.                    Respectfully submitted,

                                        **COUNSEL CAROLINA**


                                        /s/   JOSEPH D. BUDD____
                                        JOSEPH D. BUDD
                                        N.C. Bar No. 44263
                                        1100 Wake Forest Road, Suite 205
                                        Raleigh, North Carolina 27604
                                        joe@counselcarolina.com
                                        919.373.6422
                                        Facsimile: 919.578.3733

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.2(f)(3) of the Rules of Practice and Procedure of the United States District Court of the Eastern District of North Carolina, the undersigned hereby certifies that the foregoing document contains 3,436 words, including the body of the brief, headings and footnotes.

This the 13th day of June, 2025.

BY: /s/ JOSEPH D. BUDD

JOSEPH D. BUDD
N.C. Bar No. 44263
COUNSEL CAROLINA
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
T: 919.373.6422
F: 919.578.3733

12

## CERTIFICATE OF SERVICE

I hereby certify that this day I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following

attorneys of record:

> djarrell@robinsonbradshaw.com
> jenniferbaldocchi@paulhastings.com
> emilypidot@paulhastings.com
> kavehdabashi@paulhastings.com
> brianfeatherstun@paulhastings.com

Dated June 13, 2025.

**COUNSEL CAROLINA**

/s/   JOSEPH D. BUDD
JOSEPH D. BUDD
N.C. Bar No. 44263
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733

*Attorney for Defendant Leroy Nabors*