IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 4:25-cv-00062

MRBEASTYOUTUBE, LLC,         )
                             )
         Plaintiff,          )
                             )
     v.                      )     **DEFENDANT'S ANSWER**
                             )     (JURY TRIAL REQUESTED)
LEROY NABORS,                )
                             )
         Defendant.          )
                             )

COMES NOW Defendant Leroy Nabors ("Mr. Nabors"), by and through undersigned counsel and, pursuant to Fed. R. Civ. P. 12, hereby answers the Complaint from Plaintiff MrBeastYoutube, LLC ("Plaintiff") as follows:

1. Mr. Nabors admits that he was employed by Plaintiff. Except as expressly admitted herein, denied.

2. Denied.

3. Denied.

4. Denied as stated.

5. Mr. Nabors admits that his daughter, Kaylie Nabors, owns Vine Networks LLC which had a valid contract with Plaintiff, the contents of which speak for themselves. Except as expressly admitted herein, denied.

6. The allegations in the foregoing paragraph refer to a document, the contents of which speak for themselves. To the extent a further response to this paragraph is required, denied.

7. Denied.

8. Denied.

1

9. Mr. Nabors admits that he began a position as Development Director with Plaintiff on February 1, 2024.  Except as expressly admitted herein, denied.

10. Mr. Nabors admits that Plaintiff fired him on or about October 1, 2024.  Except as expressly admitted herein, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Mr. Nabors admits that he repeatedly accommodated Plaintiff's requests for the return of Plaintiff's allegedly confidential information.  Mr. Nabors further admits that he refused Plaintiff's demand for unilateral and unfiltered access to all of his personal devices and his personal Dropbox which Mr. Nabors believes contains personal material, including but not limited to material which is protected from disclosure by the Attorney-Client Privilege and/or the Work Product Doctrine.  Except as expressly admitted herein, denied.

17. Mr. Nabors admits that Plaintiff has filed a lawsuit against him.  Except as expressly admitted, denied.

18. Admitted.

19. Mr. Nabors admits that he is a natural person.  Except as expressly admitted, denied.

20. The allegations in the foregoing paragraph call for a legal conclusion.  To the extent that a response is required, denied.

21. The allegations in the foregoing paragraph call for a legal conclusion.  To the extent that a response is required, denied.

22. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

23. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

24. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

25. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

26. Admitted, upon information and belief.

27. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

28. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

29. Denied.

30. Denied.

31. Denied.

32. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

33. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

34. The allegations in the foregoing paragraph refer to a document, the contents of which speak for themselves. To the extent a further response to this paragraph is required, denied.

35. Mr. Nabors admits that, in his role with Plaintiff, he had responsibilities for working on Plaintiff's IT Network and that he was fired in October 2024. Except as expressly admitted herein, denied.

36. Mr. Nabors admits that he was fired by Plaintiff on or around October 1, 2024. Except as expressly admitted herein, denied.

37. Denied, as stated.

38. Mr. Nabors admits that Plaintiff has breached its contractual obligations with Vine Networks LLC. Except as expressly admitted herein, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Mr. Nabors admits that he returned Plaintiff's company-issued laptop upon his firing. Except as expressly admitted herein, denied.

44. The allegations in the foregoing paragraph refer to a document, the contents of which speak for themselves. To the extent a further response to this paragraph is required, denied.

45. The allegations in the foregoing paragraph refer to a document, the contents of which speak for themselves. To the extent a further response to this paragraph is required, denied.

46. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

47. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

48. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

49. Mr. Nabors lacks knowledge or information sufficient to form a belief about the truth of the allegations in the foregoing paragraph. To the extent an answer to this paragraph is required, denied.

50. The allegations in the foregoing paragraph refer to a document, the contents of which speak for themselves. To the extent a further response to this paragraph is required, denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Mr. Nabors admits that he repeatedly accommodated Plaintiff's requests for the return of Plaintiff's allegedly confidential information. Mr. Nabors further admits that he refused Plaintiff's demand for unilateral and unfiltered access to all of his personal devices and his personal Dropbox which Mr. Nabors believes contains personal material, including but not limited to material which is protected from disclosure by the Attorney-Client Privilege and/or the Work Product Doctrine. Except as expressly admitted herein, denied.

59. Mr. Nabors admits that he has access to his personal DropBox account. Except as expressly admitted herein, denied.

60. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

85. Denied.

86. Denied.

87. Mr. Nabors hereby incorporates all responses as if fully set forth herein.

88. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Mr. Nabors upon which relief can be granted, and it should be dismissed pursuant to Rule 12(b)(6) or, in the alternative, under Rule 56.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery to the extent that Plaintiff's claims are barred by the doctrines of waiver, consent, estoppel, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Mr. Nabors pleads failure of consideration as an affirmative defense to Plaintiff's claims as Plaintiff failed to provide consideration for the contract terms at issue in this claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent they failed to properly mitigate any alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Nabors pleads Mr. Nabors reserves the right to assert additional affirmative defenses as discovery in this matter continues.

## PRAYER FOR RELIEF

WHEREFORE, Defendant hereby requests the following relief:

1. A trial by jury on this matter;
2. Plaintiff have and recover nothing from Mr. Nabors;
3. Plaintiff's Complaint be dismissed with prejudice;
4. That Mr. Nabors be awarded his costs, expenses and fees, including but not limited to, his attorney fees, as may be allowable by law and deemed appropriate by the Court; and
5. All other relief which this Honorable Court deems just and proper.

This the 13th day of August, 2025.

                            COUNSEL CAROLINA

                  BY:    /s/ JOSEPH D. BUDD
                          JOSEPH D. BUDD
                          N.C. Bar No. 44263
                          1100 Wake Forest Road, Suite 205
                          Raleigh, North Carolina 27604
                          joe@counselcarolina.com
                          919.373.6422
                          Facsimile: 919.578.3733

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing pleading was filed with the CM/ECF electronic filing system and served upon all parties/counsel of record in this action, listed below:

Douglas Jarrell
Kaveh Dabashi
Emily R. Pidot
Brian Featherstun
Jennifer S. Baldocchi
djarrell@robinsonbradshaw.com
kavehdabashi@paulhastings.com
emilypidot@paulhastings.com
brianfeatherstun@paulhastings.com
jenniferbaldocchi@paulhastings.com
*Counsel for Defendant*

Respectfully submitted, this the 13th day of August, 2025.

BY: /s/ Joseph D. Budd
JOSEPH D. BUDD