IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 4:25-cv-00062-D-RJ

| | |
|---|---|
| MRBEASTYOUTUBE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **RULE 26(f) REPORT** |
| | ) |
| LEROY NABORS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

I.  Rule 26(f) Conference: Pursuant to Fed. R. Civ. P. 26(f), the following individuals conferred on August 18, 2025, and are in agreement as to this proposed report:

| | |
|---|---|
| Joe Budd | Brian A. Featherstun |
| N.C. Bar No. 44263 | Paul Hastings LLP |
| Counsel Carolina | 101 California Street |
| 1100 Wake Forest Road, Suite 205 | Forty-Eighth Floor |
| Raleigh NC 27604 | San Francisco, CA 94111 |
| Tel: 919.441.1997 | Telephone: (415) 856-7000 |
| Fax: 919.578.3733 | Facsimile: (415) 856-7100 |
| joe@counselcarolina.com | brianfeatherstun@paulhastings.com |
| *Attorney for Defendant* | *Attorney for Plaintiff* |

II.  Initial Disclosures: The Parties have agreed to exchange the mandatory initial disclosures required by 26(a)(1) by **September 5, 2025.**

III.  Joint Report and Plan

A.  Nature and Complexity of the Case: This case arises out of Defendant's alleged retention of documents, files, and other information that Plaintiff alleges belong to Plaintiff and/or are subject to the parties' written confidentiality agreement and which Defendant agreed to return upon conclusion of his employment and/or engagement with Plaintiff.

1.  Plaintiff asserts that the basis for the court's subject matter jurisdiction is a question of diversity.

2.  Discovery will be needed on the following subjects:

   a.  Defendant's employment and engagement to work with Plaintiff, including but not limited to his conduct during that time;

b. Termination of Defendant's working relationship with Plaintiff;

c. Defendant's alleged retention of Plaintiff's confidential information and trade secrets following the termination of his employment;

d. Defendant's alleged refusal to return the information and documents of Plaintiff that he retained following the termination of his employment with Plaintiff; and

e. Defendant's alleged use or other disclosure of Plaintiff's confidential information and trade secrets.

B. Discovery Plan:

The parties jointly propose to the Court the following discovery plan:

1. Discovery will be needed on all aspects of the case, including but not limited to the allegations and claims asserted by Plaintiff and all denials and defenses asserted by Defendant.

2. Discovery will be conducted in two phases: fact discovery and expert discovery.

    a) Fact discovery shall be completed before January 31, 2026;

    b) Expert disclosures and reports shall be due within 14 days from the close of fact discovery, with rebuttal disclosures and reports due no later than thirty days after service of the opening report and disclosure. Expert depositions shall be completed within thirty days after all reports have been served.

3. The parties propose the following categories of discovery with limitations:

    a) Maximum of twenty-five (25) Interrogatories, including subparts by each Party to any other Party;

    b) Maximum of twenty-five (25) Requests for Admission by each Party to any other Party;

    c) Maximum of three (3) Depositions by each Party, exclusive of expert witnesses;

    d) Each Deposition will be limited to a maximum of seven (7) hours, unless extended by agreement of the Parties or by Order of the Court; and

    e) Third party discovery, per the Federal Rules of Civil Procedure.

4. The parties will preserve information or materials, including electronically stored information, that a party reasonably should know may be relevant to this litigation or as may be otherwise agreed. If the information is reasonably usable in the form in which it is ordinarily maintained, then it shall be produced in the

2

Case 4:25-cv-00062-D-RJ    Document 24    Filed 09/12/25    Page 2 of 5

form in which it is ordinarily maintained; if it is not, the parties' counsel shall meet and confer in good faith to resolve such issues. Should issues of reasonable accessibility, undue burden and cost, and good cause arise with respect to recovery of electronically stored information, the parties will also meet and confer in good faith, but reserve the right to seek a judicial resolution by filing a motion to compel or a motion for a protective order.

5. Privileged and Confidential Information:

    a) In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

    b) Confidential Information: The Parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and/or protected from disclosure by law such that said information may only be produced by order of the Court. The Parties agree that they will file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c) prior to the disclosure of any confidential information. The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

6. The parties do not anticipate any particular discovery problems at this time.

C. Proposed Deadlines:

1. Plaintiff shall amend the pleadings or join parties by **October 15, 2025**.

2. Defendant shall amend the pleadings or join parties by **October 31, 2025.**

3. All motions, including dispositive motions, shall be filed thirty days after the close of expert discovery.

D.      *Settlement*: Settlement prospects may be enhanced by use of the following alternative dispute resolution procedure: mediation. Mediation should be conducted by the conclusion of the discovery period, the exact date to be set by the mediator after consultation with the parties.

E.      The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment pursuant to 28 U.S.C. 636(c). The parties do not consent to jurisdiction by a magistrate judge.

F.      The parties do not request a Fed. R. Civ. P Rule 16(b) pretrial conference in this case, prior to the entry by the court of its case management order. The Parties request a pretrial conference at least thirty (30) days prior to the date the trial in this matter is scheduled to begin.

G.      *Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least twenty-eight (28) days before the pre-trial conference of this matter. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii).

H.      Other Items: At this time, the Parties envision that this case will be ready for trial sixty (60) days after dispositive motions are ruled upon and will take no more than **three (3)** days to try.

Respectfully submitted this, the 12th day of September 2025.

*/s/ Brian A. Featherstun*
Brian A. Featherstun*
Paul Hastings LLP
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Tel: 415.856.7000
Fax: 415.856.7100
brianfeatherstun@paulhastings.com

*/s/ Douglas M. Jarrell*
Douglas M. Jarrell
N.C. State Bar No. 21138
Robinson, Bradshaw & Hinson, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, NC 28202
Tel: 704.377.8309
Fax: 704.378.4000
djarrell@rbh.com

*Attorneys for Plaintiff*
 *Special appearance entered

*/s/ Joe Budd*
Joe Budd
Counsel Carolina
1100 Wake Forest Road, Suite 205
Raleigh NC 27604
Tel: 919.441.1997
Fax: 919.578.3733
joe@counselcarolina.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 12, 2025, the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filings to all registered users of record in the matter.

*/s/ Douglas M. Jarrell*
Douglas M. Jarrell
